## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EBENEZER JACKSON,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )        Civil Action No. 24-1042-MN
                                     )
DCSS DIVISION OF CHILD SUPPORT,      )
                                     )
            Defendant.               )

### REPORT AND RECOMMENDATION

Plaintiff Ebenezer Jackson ("Plaintiff") filed this action on September 17, 2024 against the Delaware Division of Child Support Services ("DCSS"). (D.I. 2)  He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5)  The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).  For the reasons set forth below, the court recommends that the complaint be DISMISSED WITH PREJUDICE.

### I.    BACKGROUND

Plaintiff alleges that DCSS violated his constitutional rights by ordering the withholding of his income to satisfy outstanding child and spousal support obligations.  The complaint references the Fourth and Fourteenth Amendments and includes allegations regarding privileges and immunities, due process, separation of powers, equal protection, probable cause, and the seizure of property without a warrant.  Attached as an exhibit to the complaint is a notice of "Income Withholding for Support" on a form that appears to be promulgated by DCSS. (D.I. 2-1)  For relief, Plaintiff asks the court to issue an order requiring DCSS "to cease and desist from its acts of seizing [Plaintiff's] wages . . . without a warrant issued by a court of record." (D.I. 2 at 9)  Plaintiff also seeks to recover all prior wage garnishments. (*Id.* at 17)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim

2

upon which relief may be granted pursuant to the screening provisions of 28 U.S.C.

§§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103,

114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the

complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a

complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation

of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d

Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that

a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A

complaint may not be dismissed for imperfect statements of the legal theory supporting the claim

asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the

sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions,

are not entitled to the assumption of truth; and (3) when there are well-pleaded factual

allegations, assume their veracity and determine whether they plausibly give rise to an

entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see

also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible

will be a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.*

3

## III.    DISCUSSION

The complaint expressly avers that DCSS "is a State agency." (D.I. 2 at 3)  As a Delaware state agency, DCSS is immune from suit under the Eleventh Amendment, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."); *see also Moore v. Townsend*, C.A. No. 23-569-MN, 2023 WL 7921584, at *2 (D. Del. Nov. 16, 2023) (dismissing with prejudice a complaint brought against DCSS on Eleventh Amendment immunity grounds).

Moreover, Exhibit 1 to the complaint appears to be derived from a court order for enforcement of Plaintiff's spousal and child support obligations. (D.I. 2-1)  To the extent that Plaintiff intends to have this court review a proceeding in a State tribunal that concluded in a manner adverse to him, this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, which bars this court from reviewing final judgments of State courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (holding that the *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments;' (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))).  Consequently, I recommend that the court dismiss Plaintiff's complaint with prejudice.

IV.    **CONCLUSION**

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

**ORDER**

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1.    The Report and Recommendation issued on April __, 2025 is **ADOPTED**.

2.    Plaintiff's complaint against DCSS is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 9 , 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE